```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF MISSOURI
                        NORTHERN DIVISION


JOHN C. DUVALL,                  )
                                 )
            Plaintiff,           )
                                 )
       v.                        )    No. 2:05CV00073 ERW
                                 )
D. TERRELL DEMPSEY, III,         )
                                 )
            Defendant.           )
```

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of John C. DuvalL (registration no. 444618), an inmate at the James Crabtree Correctional Center (JCCC) located in Helena, Oklahoma, for leave to commence this action without payment of the required filing fee [Doc. #1]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $24.33. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $121.67, and an average monthly account balance of $80.46. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $24.33, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the

2

action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### The complaint

Plaintiff seeks actual and punitive damages against his former attorney, defendant D. Terrell Dempsey, for the alleged conversion of discovery material. Specifically, plaintiff alleges that Dempsey failed to deliver to plaintiff's appellate counsel nearly two and one-half boxes of discovery material that

3

plaintiff contends was critical to plaintiff's appeal and post-conviction motion.  Plaintiff seeks $10,000 in actual damages which is based on his estimate of what it would cost to hire an attorney to retrieve the discovery materials.  Plaintiff seeks an unspecified amount of punitive damages.  Jurisdiction is invoked pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

**Discussion**

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  For purposes of this case, subject matter jurisdiction under 28 U.S.C. § 1332 requires (1) complete diversity of citizenship between plaintiff and defendant and (2) an amount in controversy that exceeds $75,000.  Plaintiff's complaint fails to establish either requirement.  With regard to citizenship, plaintiff asserts that defendant Dempsey resides in Marion County, Missouri.  Plaintiff further asserts that he is a "Missouri State Prisoner being held in Oklahoma" and that he "has formed the intention of living in Oregon after his release."

For purposes of determining diversity of citizenship, the controlling consideration is the domicile of the individual. Jones v. Hadican, 552 F.2d 249, 250 (8th Cir. 1977).  With respect to the domicile of prisoners - like plaintiff - the rule is that there is a rebuttable presumption that a prisoner does not acquire a new domicile in the state of his incarceration, but retains the domicile he had prior to his incarceration.  Id., at

250-51. To rebut the presumption that he retains his pre-incarceration domicile, a prisoner must "show truly exceptional circumstances" and "introduce more than 'unsubstantiated declarations.'" Id. at 251. Moreover, the prisoner must "allege facts sufficient to raise a substantial question about the prisoner's intention to acquire a new domicile." Id. In the instant case, plaintiff's bald assertion that he has made a "conscious decision not to return to the State of Missouri upon his release from prison in Oklahoma" is not sufficient to raise a substantial question about plaintiff's intention to acquire a new domicile. Therefore, the complaint does not adequately allege complete diversity of citizenship between plaintiff and defendant.

Additionally, while plaintiff seeks $10,000 in actual damages he has not specified an amount for punitive damages. Consequently, plaintiff has not sufficiently alleged that the amount in controversy exceeds $75,000.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $24.33 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and

to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both.  See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

So Ordered this 14th Day of December, 2005.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**